UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Justin Allen Hendrickson,                      Case No. 3:23-cv-01367

           Plaintiff,

       v.                                      MEMORANDUM OPINION
                                                       AND ORDER

State of Ohio, *et al.*,

           Defendants.

## I.    INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Justin Allen Hendrickson, brings this civil rights action against the State of Ohio, North Central Correctional Institution ("NCCI") Deputy Warden Becky Joyce, NCCI Captain Brian Elliott, NCCI Unit Manager Brittaney Keller, NCCI PREA Coordinator David Cantonese, NCCI Investigator Jeffrey Anthony, NCCI Inspector Lori Shuler, NCCI Employee Mindy Taylor, Inmate Jermain Covington, and Management and Training Corporation ("MTC"). On September 27, 2023, Plaintiff filed a supplement to his Complaint indicating the Defendants in the action are Shuler, Keller, Covington, Anthony, Taylor, Cantonese, Elliott, and NCCI Warden Thomas Watson. Plaintiff then filed an Amended Complaint on October 2, 2023, naming as Defendants the State of Ohio, Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith, Joyce, Elliott, Keller, Cantonese, Anthony, Covington, Shuler, and MTC. Plaintiff then filed another Amended Complaint on January 19, 2024. (Doc. No. 9). While Plaintiff did not first seek leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, I

conclude the most recent amended complaint provides the most comprehensive explanation of Plaintiff's allegations and treat that filing as the operative complaint.

Plaintiff alleges she is a transgender female who uses the pronouns she/her. (Doc. No. 9-2 at 1). In the Amended Complaint, Plaintiff claims the Defendants failed to provide her with due process when she reported that she was raped by another inmate. She seeks monetary damages from the Defendants.

Plaintiff alleges she was transferred to NCCI from the Corrections Reception Center on March 4, 2022. (Doc. No. 9-1 at 2-3). She indicates she was originally placed in the Harden C/D block for orientation and then was moved to the Marion A/B dorm on March 11, 2022. Plaintiff claims she immediately began to experience harassment from the other inmates seeking to engage in sexual conduct. Plaintiff sent a letter to Chambers-Smith explaining her situation. Chambers-Smith forwarded the letter to the NCCI Prison Rape Elimination Act ("PREA") Coordinator Ms. Curry. Ms. Curry, who is not named as a Defendant in this action, transferred Plaintiff to the Morrow C/D dorm to remove her from that situation. Plaintiff contends that the harassment from other inmates continued with the inmates in this dorm. Plaintiff does not indicate whether she reported any of the incidents of harassment to NCCI staff either before or after her move to the Morrow C/D dorm.

Plaintiff alleges that on May 20, 2022, she was raped in the shower by Inmate Covington. Plaintiff alleges Elliott was completing his rounds on the floor and entered the shower area after smelling marijuana smoke, where he discovered Covington and Plaintiff engaged in sexual activity. Both inmates were escorted to the medical department. Plaintiff reported to nurses that she had been raped and asked to be taken to the local hospital. Her request was granted. Plaintiff was transported to Marion General Hospital at 2:30 a.m. on May 21, 2022, and returned to NCCI later that day.

At this point, the factual allegations become more difficult to follow. Plaintiff alleges she had previous conduct convictions for engaging in consensual sexual conduct with Jeffrey Brown, an inmate whom Plaintiff claims was her boyfriend. She acknowledges she had at least three other conduct convictions but alleges prison staff accused her of characterizing her encounter with Covington as rape to avoid being charged with another serious conduct violation. Plaintiff continues to maintain that she was raped by Covington. She contends Anthony was in charge of the PREA investigation and altered video footage during that investigation. Plaintiff does not indicate what the video footage showed or why Anthony would alter it. She alleges Anthony stated that if she did not quit lying about the incident, Anthony would do everything in his power to see that Plaintiff was transferred out of NCCI.

Plaintiff alleges the Defendants' conduct violated his Eighth and Fourteenth Amendment rights. (Doc. No. 9-1 at 3).

## II. STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the

speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

As an initial matter, the Amended Complaint contains no allegations against Keller, Cantonese, Shuler, Management Training Corporation, Taylor, Watson, or NCCI. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The Complaint simply contains no facts which identify any connection between these Defendants and any of the claims set forth by Plaintiff. They are dismissed from this action.

Furthermore, the State of Ohio is immune from suit. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Plaintiff also fails to allege facts or assert a claim against the State of Ohio. This Defendant is also dismissed.

The remaining Defendants are Chambers-Smith, Joyce, Elliott, Anthony, and Covington.[1] Plaintiff alleges these Defendants violated her rights under the Eighth and Fourteenth Amendments. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of

---

[1] Plaintiff previously raised a Fourteenth Amendment due process claim. (Doc. No. 4-1). I conclude Plaintiff has abandoned this claim because she did not include it in her second amended complaint. (Doc. No. 9-1).

4

the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision presents an even arguably viable vehicle for the assertion of Plaintiff's claims, I will construe these claims as arising under 42 U.S.C. § 1983.

As an initial matter, Plaintiff cannot bring claims against Covington under § 1983 or the Constitution. Both § 1983 and the Constitution apply specifically to actions taken by government officials or employees. Covington is an inmate, not a government employee or official. And Plaintiff does not allege any facts which might show Covington acted under color of state law. *See, e.g., Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (private party may not be held liable under §1983 unless the private party's actions are "'fairly attributable to the state'") (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Therefore, Covington may not be sued under § 1983 and I dismiss the claims against him.

Plaintiff first claims her Eighth Amendment rights were violated when she was sexually assaulted by Covington. (Doc. No. 9-1 at 3). Prior to this incident, Plaintiff alleges she complained by letter to Chambers-Smith about sexual harassment from other inmates and that Chambers-Smith forwarded Plaintiff's letter to Mrs. Curry, the PREA coordinator. (*Id.* at 2). Plaintiff further alleges Curry moved her to a different cell block but did not otherwise address the sexual harassment. (*Id.*).

In order to state a claim for deliberate indifference to inmate safety under the Eighth Amendment, a plaintiff must show "(1) the alleged mistreatment was objectively serious[,] and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To meet the first part of this showing, an inmate must allege "'[s]he is incarcerated under conditions posing a substantial risk of serious harm.'" *Bishop*, 636 F.3d at 766 (quoting *Farmer*, 511 U.S. at 833). An inmate may make this showing by alleging "a substantial risk of inmate attacks was longstanding, pervasive, well-

5

documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 833 (citation and internal quotation marks omitted).

Plaintiff fails to allege facts which show any of the Defendants were deliberately indifferent to a substantial risk of serious harm. First, Plaintiff does not allege Joyce or Anthony had any involvement in any of the events preceding her assault. And Curry is not named as a Defendant in this case, so Plaintiff cannot pursue an Eighth Amendment claim against her.

With regard to Chambers-Smith, Plaintiff alleges that she sent Chambers-Smith a letter stating that other inmates were harassing her. She then alleges Chambers-Smith forwarded the letter to the prison PREA officer who in turn transferred Plaintiff to another dorm. She does not allege she informed Chambers-Smith of any difficulties she was having with inmates in the new dorm. These allegations suggest that Chambers-Smith took steps to bring Plaintiff's circumstances to the attention of prison personnel which in turn led to her being moved. A supervisor cannot be held liable under § 1983 unless the supervisor "condoned, encouraged, or knowingly acquiesced in the alleged misconduct." *Lozano v. Corr. Corp. of Am.*, 23 F. App'x 348, 350 (6th Cir. 2001) (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995)). Plaintiff makes no such allegations against Chambers-Smith, and therefore her claim fails.

With respect to Elliott, Plaintiff claims that Elliott walked in on the incident in progress and stopped it. He then sent both inmates to the medical department, interviewed both inmates and ensured that Plaintiff was taken to the hospital for a rape kit when Plaintiff requested it. Plaintiff does not allege any facts which might show Elliott ignored a risk to Plaintiff's safety and therefore he fails to state a plausible Eighth Amendment claim.

Plaintiff's equal protection claim also falls short. A plaintiff may plead a claim under the Fourteenth Amendment's Equal Protection Clause by alleging a government actor "treated the

plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citation and internal quotation marks omitted). "The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiff fails to state a plausible equal protection claim because she alleges only that the Defendants should have done more in response to her complaints, and she has not alleged she was treated differently from any similarly situated person. Plaintiff's failure to establish the "threshold element of . . . disparate treatment" dooms her claim. *Id.* Therefore, I dismiss Plaintiff's Fourteenth Amendment claim.

## IV. CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge