UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Justin Allen Hendrickson,                      Case No. 3:23-cv-1367

        Plaintiff,

    v.                                                        ORDER

State of Ohio, *et al.*,

        Defendant.

Plaintiff Justin Allen Hendrickson filed a *pro se* complaint alleging various employees of the Ohio Department of Rehabilitation and Correction violated his constitutional rights. (Doc. No. 1); (*see also* Doc. No. 9). I subsequently dismissed those claims for failure to state a plausible claim for relief. (Doc. No. 12).

Hendrickson now seeks an order to the Clerk of Court to "halt collection of court costs and fines" in this case because "the courts costs and fines . . . were waived." (Doc. No. 14 at 1). Hendrickson also attached an affidavit of indigency, representing he cannot afford to pay any court costs. (Doc. No. 14-1).

The order to which Hendrickson objects appears to be my order granting his motion to proceed with this litigation without prepayment of the filing fee. (Doc. Nos. 2 and 11). Section 1915 permits a civil litigant to file suit and proceed with litigation without prepayment of a filing fee when the litigant "submits an affidavit that includes a statement of all assets such prisoner possesses

[and represents] that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). But § 1915 does not exempt litigants from paying the filing fee altogether:

> (1) Notwithstanding subsection (a), <u>if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee</u>. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b) (emphasis added).

Consistent with that provision, I previously ordered Hendrickson to pay "the total filing fee in the amount of $350.00." (Doc. No. 11 at 1). Thus, his assertion that court costs were "waived" is incorrect and he has not provided any basis upon which to rescind my earlier order. Therefore, I deny his motion. (Doc. No. 14).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
